Roller v. Roller.

---

## CHARLES ROLLER AND THOMAS ROLLER v. JACOB ROLLER ET AL.

Although, where the judgment of a justice of the peace is not docketed in conformity with the statute, it may be attacked collaterally and treated as a nullity, yet the party aggrieved by the docketing may certify it for the judgment of this court as to its validity, without waiting until his property is sold, and thereby incurring the risk of loss which would fall upon him if he mistook the law.

On *certiorari.*

Argued at June Term, 1884, before Justices VAN SYCKEL and MAGIE.

For the plaintiff, *J. J. Crandall.*

For the defendant, *J. E. P. Abbott.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The subject matter of review in this case is a judgment docketed from the court of small causes in the Atlantic county Common Pleas.

The rule that, in special statutory proceedings, it must appear that everything is done which the statute requires, is applicable to this case. *Tasto* v. *Klopping,* 14. *Vroom* 448. Applying this test, the docketing by the clerk was unauthorized.   It does not appear that a copy of the plaintiff's demand in the justice's court was filed with the clerk of the Pleas, nor does it appear that the date of the judgment before the justice is entered by said clerk in his docketing.

In the case cited there had been a sale on the docketed judgment, and in an action of ejectment it was held by the Court of Errors that, if the docketing was not in conformity with the requirement of the statute, it could be attacked collaterally and treated as a nullity.   The duties of the clerk were declared to be merely ministerial, not judicial, so as to give the judgment the force and effect of a judgment rendered in the Court of Common Pleas.   The docketing was regarded as a special statutory proceeding, subject to the rule that persons exercising authority under the statute must show, upon the face of their proceedings, that they have acted within the prescribed limits.   In the case now under consideration the plaintiff has invoked the aid of a *certiorari* to sweep away the illegal proceeding before his land is sold under it.   This is the appropriate remedy for calling in question the legality of

the acts of special statutory tribunals. The plaintiff is entitled to the judgment of this court now as to the validity of the docketing, without waiting until his lands are sold under it, and thereby incurring the risk of loss which would fall upon him if he mistook the law.

Although special statutory proceedings may be attacked collaterally and treated as void if they do not conform to the law authorizing them, the party against whom they stand as a menace may attack them directly by the aid of the writ of *certiorari*.

The docketing in this case is illegal, and should be set aside.